UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES VERNON,

        Plaintiff,

    v.

STATE OF WASHINGTON *et al.*,

        Defendants,

Case No. C07-5585RBL

REPORT AND RECOMMENDATION

**NOTED FOR**:
**December 21, 2007**

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. This action was filed in October of 2007. (Dkt. # 1). Plaintiff was granted *in forma pauperis* status.

Review of the complaint discloses a number of defects, some of which could be cured by amendment, but, one of which cannot be cured. As the defect which cannot be cured is fatal to the action, the court recommends this action be dismissed prior to service for failure to state a claim with the dismissal counting as a strike pursuant to 28 U.S.C. 1915 (g).

FACTS

Plaintiff alleges that on May 30, 2007, when he arrived at the Washington Corrections Center on the chain bus from the Walla Walla County Jail, a sergeant named Walker pulled him aside and asked if he had

REPORT AND RECOMMENDATION
Page - 1

been making oinking noises at the transport officers. Plaintiff alleges he stated he did not know what the sergeant was talking about. Plaintiff alleges the sergeant told him he could have him sexually assaulted simply by giving an inmate a candy bar and telling him to sexually assault the plaintiff. Plaintiff alleges the sergeant then gave an inmate a candy bar and told that inmate to sexually assault the plaintiff. The inmate allegedly asked what the officer wanted done to the plaintiff and plaintiff alleges the inmate was instructed to sexually assault the plaintiff. Plaintiff does not allege he has been sexually assaulted or that any assault upon his person has occurred.

Plaintiff alleges that since this incident he suffers from nightmares, flashbacks, depression, and anxiety (Dkt. # 1). He requests two and one half million dollars in damages and payment for mental health treatment. Plaintiff admits he has not exhausted the grievance process available in the prison on this issue (Dkt # 1, proposed complaint, page 2). The only defendants named in this action are the State of Washington and the Department of Corrections (Dkt # 1, proposed complaint).

## DISCUSSION

*A. LEGAL STANDARDS*

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)). A plaintiff must allege a deprivation of a federally protected right in order to set forth a *prima facie* case under 42 U.S.C. §1983. Baker v. McCollan, 443 U.S. 137, 140 (1979).

*B. The Named Defendants*

Neither states nor state officials acting in their official capacities are persons for purposes of 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 48, 71 (1989). This rule applies equally to state agencies. See Kaimowitz v. Board of Trustees of the Univ. of Ill., 951 F.2d 765, 767 (7th Cir. 1991); Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991). Because they are not persons within the meaning of § 1983, plaintiff has not stated a cause of action against the only named defendants. This defect could be cured by amendment, however, the cause of action is flawed in several other respects.

*C. Lack of Physical Injury*

Plaintiff alleges that he has suffered mental anguish. Under 42 U.S.C. § 1997(e), no federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury. A de minimis physical injury is not sufficient to support a claim for mental or emotional suffering. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Plaintiff has not alleged any facts indicating he has been physically injured due to the alleged misconduct. This defect does not appear curable by amendment. This results in the complaint failing to state a claim. Dismissal for failure to state a claim results in a strike pursuant to 28 U.S.C. 1915 (g).

*D. Failure to Exhaust*

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the Act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The Supreme Court reviewed the exhaustion requirement and held inmates must exhaust prison grievance remedies before filing suit if the grievance system is capable of providing any relief or taking any action in response to the grievance. Booth v. Churner, 531 U.S. 956 (2001). Claims that are not exhausted must be dismissed. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

Plaintiff states in the complaint that he has not exhausted the grievance process (Dkt # 1 proposed complaint, page 2). This defect is not curable by amendment. The complaint should be dismissed, but without prejudice. This dismissal should not count as a strike pursuant to 28 U.S.C. 1915 (g).

*E. Failure to state a claim.*

1  Sergeant Walker's alleged statements constitute a threat to harm plaintiff. Verbal harassment or
2  abuse is insufficient to state a constitutional deprivation. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th
3  Cir. 1987).  Thus, even if plaintiff were to amend the complaint and name a person, Sergeant Walker, the
4  only allegations against the defendant would be that he threatened the plaintiff.  It does not appear
5  amendment would cure this defect, and this defect results in the complaint failing to state a claim.
6  Dismissal for failure to state a claim results in a strike pursuant to 28 U.S.C. 1915 (g).

## CONCLUSION

8  This action should be dismissed prior to service as the complaint is deficient and amendment will
9  not cure all of the deficiencies. **This dismissal counts as a strike pursuant to 28 U.S.C. 1915 (g)**.
10 Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall
11 have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.
12 Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn,
13 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set
14 the matter for consideration on **December 21, 2007,** as noted in the caption.

16  DATED this 20 day of November, 2007.

18  /S/ *J. Kelley Arnold*
    J. Kelley Arnold
19  United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 4